19 3680

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
VICTOR NWAKPUDA, ET AL

## DEFENDANTS
THE LENDING GROUP COMPANY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
JEFFREY J. GOLDIN, ESQUIRE

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 2 U.S. Government Defendant
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | ❏ 462 Naturalization Application | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331, 1441, 1446, and §1453
Brief description of cause:
Minimum wage and overtime claim.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE _____
DOCKET NUMBER _____

AUG 15 2019

DATE 8-14-19
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

*MAK*

19-CV-3680

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19    3680

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 653 N. 12th Street, Philadelphia, PA 19123 _____

Address of Defendant: _____ 1111 Street Road, Suite 304, Southampton, PA 18966 _____

Place of Accident, Incident or Transaction: _____ Commonwealth of Pennsylvania _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8-14-19 _____   _____   312689

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.    *Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Patent
- ☐ 6.  Labor-Management Relations
- ☐ 7.  Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9.  Securities Act(s) Cases
- ☑ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
       *(Please specify):* _____ Fair Labor Standards Act _____

**B.    *Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify):* _____
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

AUG 15 2019

DATE: _____   _____   _____

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| VICTOR NWAKPUDA, ET AL | : | CIVIL ACTION |
|---|---|---|
| v. | : | 19      3680 |
| THE LENDING GROUP COMPANY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)          (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| 8/14/19 | _(signature)_ | Defendant, The Lending Group Company |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-935-1000 | 215-935-1110 | JGOLDIN@ALFLAW.NET |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 15 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR NWAKPUDA<br>653 N. 12th Street<br>Philadelphia, PA 19123, and | : | CIVIL ACTION |
| | : | |
| STEPHEN ROSEMIN<br>707 W. Wilkinsons Village Ct.<br>Jamison, PA 18929, and | : | CASE NO. |
| | : | |
| TENISE TAYLOR<br>6034 N. 13th Street<br>Philadelphia, PA 19141, and | : | |
| | : | |
| ANTOIN HARPER, JR.<br>6512 Walnut Park Drive<br>Philadelphia, PA 19120 | : | |
| Plaintiffs | : | |
| v. | : | |
| The Lending Group Company<br>1111 Street Road, Suite 304<br>Southampton, PA 18966 | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL BY
## DEFENDANT, THE LENDING GROUP COMPANY

TAKE NOTICE that, pursuant to 28 U.S.C. § 1331, 1441, 1446, and §1453, Defendant

The Lending Group Company, by and through his undersigned attorneys, appears for the purpose

of removing to the United States District Court for the Eastern District of Pennsylvania the action

styled Victor Nwakpuda, et al v. The Lending Group Company., Case No. 02323, July Term 2019,

currently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania.   As

grounds for removal, Defendant, The Lending Group Company ("TLG") states as follows:

1.  Class Plaintiffs Victor Nwakpuda, Stephen Rosemin, Tenise Taylor, and Antoin Harper, Jr., (collectively "Plaintiff") filed its Complaint on July 18, 2019 in the Court of Common Pleas of Philadelphia County. *See Exhibit "1".*

2.  Defendant TLG was served on July 23, 2019. *See Philadelphia County Docket Report attached hereto as Exhibit "2".*

3.  Contemporaneously with this filing, Defendant TLG has notified Plaintiff of the removal of Plaintiff's Complaint to the United States District Court for the Eastern District of Pennsylvania.

4.  Jurisdiction is founded upon 28 U.S.C. § 1331 because the civil cation arising under laws of the United States.

5.  Specifically, the Plaintiff asserts claims under the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. *See Ex. "1" Comp. at ¶¶74-88.*

6.  Moreover, this Court possesses supplemental jurisdiction pursuant to 28 U.S.C. §1367, over Plaintiff's state law claims, as the state law claims under the Pennsylvania Minimum Wage Act are directly related to the claims asserted under the FLSA.

7.  The FLSA provides that FLSA actions. "may be maintained . . . in any Federal or State court of competent jurisdiction." 28 U.S.C. § 216(b).

8.  The Fair Labor Standards Act provides that an action may be maintained in any federal or state court of competent jurisdiction, 29 U.S.C.S. § 216(b), and district courts have original jurisdiction over FLSA claims under 28 U.S.C.S. § 1331, as arising under the Constitution, laws, or treaties of the United States, and 28 U.S.C.S. § 1337(a), as arising under any Act of Congress regulating commerce.

*Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693, 123 S. Ct. 1882, 1884, 155 L.Ed.2d 923, 923 (2003)

9.     Under U.S.C. §§ 1441 and 1446, this case may be properly removed to this Court at any time within thirty (30) days of Defendant TLG being served with the Summons and Complaint.  Defendant TLG's time for removal has not expired. Thus, this removal is timely.

10.     Promptly upon filing this Notice of Removal, Defendant TLG shall give notice in writing thereof to Plaintiff, and shall file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, for the foregoing reasons, Defendant TLG respectfully requests that this Court assume jurisdiction over this action removed from the Court of Common Pleas of Philadelphia County, Pennsylvania.

Respectfully submitted,

Alan L. Frank Law Associates, P.C.

Jeffrey J. Goldin, Esquire (#312689)
135 Old York Road
Jenkintown, PA 19046
P: (215) 935-1000
F: (215) 935-1110
jgoldin@alflaw.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICTOR NWAKPUDA<br>653 N. 12th Street<br>Philadelphia, PA 19123, and | CIVIL ACTION |
| STEPHEN ROSEMIN<br>707 W. Wilkinsons Village Ct.<br>Jamison, PA 18929, and | CASE NO. |
| TENISE TAYLOR<br>6034 N. 13th Street<br>Philadelphia, PA 19141, and | |
| ANTOIN HARPER, JR.<br>6512 Walnut Park Drive<br>Philadelphia, PA 19120 | |
| Plaintiffs | |
| v. | |
| The Lending Group Company<br>1111 Street Road, Suite 304<br>Southampton, PA 18966 | |
| Defendant. | |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

**To:**   J. Edward McCain, III, Esquire
McCainLaw, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
**Attorney for Plaintiffs**

**PLEASE TAKE NOTICE** that Defendant, The Lending Group Company, on August 14, 2019, filed in this Court a Notice of Removal of the state court action docketed in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Civil Action July Term, No.: 02323.

A Copy of the Notice of Removal is attached and served with this notice.

**PLEASE TAKE FURTHER NOTICE THAT** a certified copy of the Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

**PLEASE BE ADVISED** that by virtue of *28 U.S.C. § 1446(d)*, the state action is now removed to this Court. The state court has no further jurisdiction over this action and you should proceed no further in that court or under its authority.

Respectfully submitted,

Alan L. Frank Law Associates, P.C.

Jeffrey J. Goldin, Esquire (#312689)
135 Old York Road
Jenkintown, PA 19046
P: (215) 935-1000
F: (215) 935-1110
jgoldin@alflaw.net

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey J. Goldin, Esquire, certify that the Notice of Removal has been served upon the counsel for the parties of record by First Class United States Mail and Electronic Mail on this 14 day of August 2019, addressed as follows:

J. Edward McCain, III, Esquire
McCainLaw, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
jmccain@mccain-law.com


Jeffrey J. Goldin, Esquire



| | | |
|---|---|---|
| VICTOR NWAKPUDA, et al., | : | **COURT OF COMMON PLEAS** |
| | : | |
| Plaintiffs | : | **PHILADELPHIA COUNTY** |
| | : | |
| *On behalf of all those similarly-situated* | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **CLASS ACTION COMPLAINT** |
| | : | |
| **The Lending Group Company** | : | **July Term,   2019** |
| | : | **No.** O2323 |
| Defendant | : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Información Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

1

McCainLaw, P.C.
By: J. Edward McCain, III
Attorney ID No. 85419
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-236-1086
jmccain@mccain-law.com

**THIS IS NOT AN ARBITRATION
MATTER.  AN ASSESSMENT OF
DAMAGES HEARING IS REQUIRED.**

---

**VICTOR NWAKPUDA**                    :
653 N. 12TH Street                :
Philadelphia, PA 19123, and            :
                                       :
**STEPHEN ROSEMIN**                    :      **COURT OF COMMON PLEAS**
707 W. Wilkinsons Village Ct.          :      **PHILADELPHIA COUNTY**
Jamison, PA 18929, and                 :
                                       :      **CIVIL ACTION**
**TENISE TAYLOR**                      :
6034 n. 13TH Street               :      **CLASS ACTION COMPLAINT**
Philadelphia, PA 19141, and            :
                                       :      **July Term,    2019**
**ANTOIN HARPER, JR.**                 :      **No.**   _02323_
6512 Walnut Park Drive                 :
Philadelphia, PA 19120                 :
            Plaintiffs                  :
                                       :
             **v.**                    :
                                       :
**The Lending Group Company**          :
1111 Street Road, Suite 304            :
Southampton, PA 18966                  :
            Defendant.                  :

---

### COMPLAINT-CLASS ACTION

Plaintiffs Victor Nwakpuda, Stephen Rosemin, Antoine Harper and Tenise Taylor

("Plaintiffs"), individually and on behalf of all similarly situated employees, brings this

Class/Collective action lawsuit against Defendants The Lending Group Company (TLG) seeking

to recover for Defendant's violations of the Pennsylvania Minimum Wage Act ("PMWA"), 43

P.S. § 333.101, et seq., the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S.

2

§ 260.1, et seq., the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. (the "FLSA") and common law. Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1.      As explained herein, under applicable employment laws "when an employee is compensated solely on a commission basis, …the wage paid weekly to the employee shall for each hour worked at least equal the applicable minimum rate …(Pa Minimum Wage Act 43 P.S. §231.31). In addition, all employees are entitled to overtime compensation at not less than 1 1/2 times the employee's normal work rate for all hours worked in excess of forty in a given workweek, unless the employee is determined to be exempt. (43 P.S. §231.41). However, Defendant failed to pay Plaintiffs and potential class members at least the applicable minimum wage. In addition, Defendant routinely required Plaintiffs and potential class members to work in excess of forty hours per week, and failed to pay them premium overtime compensation as required by applicable employment laws. As set forth herein, such conduct is in violation of applicable state and federal wage and hour laws.

2.      Plaintiffs and their current and former coworkers, work in the mortgage industry where many workers are compensated on a "commission only" basis. These employees are all non-exempt.

3.      Accordingly, under Pennsylvania law, they are entitled to be paid at least a minimum wage for all hours worked and time and one half for all hours worked over forty.

4.      Despite these basic protections they are accorded under state and federal law, Defendant has chosen to violate Plaintiffs rights to a fair and honest living. As set forth herein, Defendant

regularly deprives its employees of their rights under federal law, as well as the laws of the Commonwealth of Pennsylvania by paying solely commissions earned on a weekly basis; while refusing to pay minimum wages and overtime. Plaintiff brings this lawsuit to address these improper pay practices.

## PARTIES

5.      Plaintiff Victor Nwakpuda is a resident of the City of Philadelphia and the Commonwealth of Pennsylvania.

6.      Plaintiff Stephen Rosemin is a resident of Jamison and the Commonwealth of Pennsylvania.

7.      Plaintiff Tenise Taylor is a resident of the City of Philadelphia and the Commonwealth of Pennsylvania.

8.      Plaintiff Antoin Harper Jr. is a resident of the City of Philadelphia and the Commonwealth of Pennsylvania.

9.      Plaintiffs have consented in writing to be Class Representative Plaintiffs in this action and have filed their executed Consent To Sue forms.

10.     Defendant The Lending Group Company is a Pennsylvania corporation with offices in PA and Hollywood Florida. Its registered office address is located at 1111 Street Rd, Suite 304, Southampton, PA 18966.

11.     At all relevant times Defendant has transacted business within the Commonwealth of Pennsylvania, including within this district.

4

## JURISDICTION AND VENUE

12.   Defendant, TLG, is an entity presently authorized to do business, and is/was doing business in Philadelphia County, PA at all times relevant to this complaint.

13.   Defendant, TLG is a corporation licensed and organized under the laws of the Commonwealth of Pennsylvania and is presently authorized to do business, and is/was doing business in Philadelphia County, PA.

14.   This court has jurisdiction over this action as this Complaint arises from unlawful conduct and practices by Defendant that occurred in Philadelphia County, Pennsylvania.

15.   This court has personal jurisdiction over defendant because they reside in Pennsylvania and/or do business in Philadelphia, County.

16.   The underlying claims which are the subject matter of this lawsuit accrued in Pennsylvania, against the Plaintiffs who were residents of Pennsylvania and Philadelphia at the time.

## FACTUAL ALLEGATIONS

17.   The crux of PA State Laws and the FLSA is, inter alia,: (i) that all employees are entitled to be paid mandated minimum wages for all hours worked; (ii) that all employees are entitled to premium overtime compensation for all hours worked in excess of 40 hours a week;

18.   Contrary to these basic protections, Defendant improperly knowingly refused to pay its commissioned employees a minimum wage.  Consequently, Plaintiffs and the members of the Classes were: (i) deprived of the mandated minimum wage for all hours they worked; (ii) deprived of premium overtime compensation for all hours worked in excess of 40 per workweek.

5

19.     Plaintiff and the members of the Classes are, or were, employees who worked at Defendant's business location in Southampton, PA

20.     TLG is operated by Defendant under uniform policies applicable to all the members of the Classes.  Through these policies and procedures, Defendant maintains significant supervision and control over Plaintiffs and members of the Classes.

21.     Defendant advertised for "Mortgage Sales" or Loan Officers on various web sites.

22.     Plaintiffs and all such employees responding to the ads were hired on a solely commission basis..

23.      Plaintiffs and all class members hired without a broker's license were titled as "Loan Assistants" and/or "Broker Assistants".  Plaintiffs were hired as Loan Assistants.

24.     Defendant required Plaintiff's and all other commissioned employees (Class Members) to work a minimum of fifty-three (53) hours per week.  They are  and/or were scheduled to work Monday-Thursday 10-8; Friday 10-7 and Saturday 10-2; with one hour for lunch.

25.     Plaintiffs would be given call sheets and required to make cold calls to potential mortgage customers.  Plaintiffs would also take incoming calls from potential customers.

26.     Plaintiffs were given a script to use in order to sell loans. Commissions were earned strictly on the basis of sales.

27.     Plaintiffs and all other Class Members were not allowed to earn commissions until they passed the licensing test.

28.     Plaintiffs' and all other Class Members had to close at least 3 loans before Defendants paid for their licensing test.

6

29.     Oftentimes it would take 2-3 months for them to close 3 loans.

30.     Defendant retained the commissions on many of Plaintiffs and all other Class Members loans for itself because they were being used as unlicensed brokers.

31.     Consequently, plaintiffs and all other Class Members would go for months working in excess of 53 hours per week without receiving any compensation.

32.     For example, Plaintiff Nwakpuda worked in excess of six months for Defendant in 2018 at 53-plus hours per week; yet earned a measly total of $1725.00 for the year!  These figures are representative of the entire class.

33.     Plaintiffs were also encouraged to work from home by doing cold calling or canvassing door to door for potential customers Plaintiffs were never paid for these excess hours worked..

34.     Eventually, Plaintiffs and other Class Members would voluntarily quit after going months without pay.

35.     Once they left, Defendant would retain these leads and commissions for themselves.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

37.     Plaintiffs bring this action as a state-wide class action pursuant to Rule 1700 et al. to recover unpaid wages, including overtime wages, pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL")and common law (the "PA State Laws").

7

38.     Specifically, Plaintiffs bring this suit on behalf of a class of similarly situated persons composed of:

All current and former commissioned employees who have worked for Defendant in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

39.     Plaintiffs allege on behalf of the PA Class that Defendant violated the PA State Laws by, inter alia: (i) failing to pay them the appropriate minimum wages for all hours worked; and (ii) improperly denying them overtime wages for all hours worked in excess of forty hours in a work week.

40.     Plaintiffs further allege on behalf of the PA Class that Defendant violated PA State Laws by improperly withholding commissions earned by Plaintiffs for its own illegitimate benefit.

41.     Upon information and belief, the members of the PA Class are so numerous that joinder of all members is impracticable.  While the exact number of the members of the Class is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over a hundred individuals in each of the Classes.

42.     Common questions of law or fact exist as to the PA Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendant has failed to pay minimum wages for each hour worked;

(b)     whether Defendant has failed to pay overtime compensation for all hours worked in excess of 40 per workweek;

(c)     whether Defendant improperly retained any portion of the PA Class commissions;

8

(d)     whether the PA Class members are entitled to compensatory damages, and if so, the means of measuring such damages;

(e)     whether the PA Class members are entitled to restitution;

        and

(f)     whether Defendant is liable for attorney's fees and costs.

43.     The claims of Plaintiffs are typical of the claims of the Class they seek to represent. Plaintiffs and the members of the PA Class work or have worked for Defendant and were subject to the same compensation policies and practices, including not being compensated for all hours worked.

44.     Plaintiffs will fairly and adequately protect the interests of the PA Class as their interests are in alignment with those of the members of the Classes. They have no interests adverse to the class they seek to represent, and have retained competent and experienced counsel.

45.     The class action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the PA Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the PA Class to individually seek redress for the wrongs done to them.

46.     Defendant has acted or has refused to act on grounds generally applicable to the PA Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

47.     Plaintiffs and the PA Class they seek to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and customs regarding Defendant's pay practices.

48.     Defendant has acted willfully and has engaged in a continuing violation of PA State Laws and the FLSA.

## FEDERAL COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference the paragraphs above as if they were set forth again here

50.     In addition, Plaintiffs also bring this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA" or the "Act").  Plaintiffs brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).

51.     In particular, Plaintiffs bring this suit on behalf of the following similarly situated persons:

All current and former commissioned employees who have worked for Defendant in Pennsylvania and/or Florida, within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class").

52.     Plaintiffs allege on behalf of the Nationwide Collective Class that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to pay the mandatory minimum wage, as required by law; (ii) entitled to unpaid overtime wages for all

10

hours worked in excess of forty in a work week; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 et seq.

53.    Upon information and belief, Plaintiff alleges that at all relevant times defendants engaged in the same practices of depriving wages in violation of the federal statutes to all persons employed as loan officers, loan assistants, brokers, broker assistants or other commissioned sales positions in the states of Florida and Pennsylvania.

54.    The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).  The claims brought pursuant to the PA State Laws may be pursued by all similarly-situated persons who do not opt out of the PA Class pursuant to Rule 1704.

**FIRST CLAIM FOR RELIEF**

**PENNSYLVANIA MINIMUM WAGE ACT– MINIMUM WAGE VIOLATIONS**

**(On Behalf of the PA Class)**

55.    Plaintiffs, on behalf of themselves and the members of the PA Class, reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

56.    At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs and each of the PA Class Members within the meaning of the PMWA.

57.    At all relevant times in the period encompassed by this Complaint, Defendant has a willful policy and practice of improperly failing to pay these individuals the applicable minimum wage for each hour worked.

58.    Pursuant to Defendant's compensation policies, Defendant improperly paid only commissions earned rather than pay Plaintiffs and the PA Class the Pennsylvania minimum wage.

11

59.     As a result of Defendant's willful practices, Defendant was not entitled to pay Plaintiffs and the members of the PA Class less than the Pennsylvania minimum wage for all hours worked.

60.     Defendant has violated and, continues to violate, the PMWA, 43 Pa. C.S.C. § 333.101 et seq.

61.     Due to the Defendant's violations, Plaintiffs, on behalf of themselves and the members of the PA Class, are entitled to recover from Defendant the amount of unpaid minimum wages, attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**

**PENNSYLVANIA MINIMUM WAGE ACT– OVERTIME WAGE VIOLATIONS**
**(On Behalf of the PA Class)**

62.     Plaintiffs, on behalf of themselves and the members of the PA Class, reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

63.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs and each of the PA Class Members within the meaning of the PMWA.

64.     At all relevant times in the period encompassed by this Complaint, Defendant has a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek.

65.     Pursuant to Defendant's policies and practices of paying strictly commissions earned, Plaintiffs and the members of the PA Class were not paid overtime for all hours worked in excess of forty per week.

66.     Defendant has violated and, continues to violate, the PMWA, 43 Pa. C.S.C. § 333.101 et seq.

67.     Due to the Defendant's violations, Plaintiffs, on behalf of themselves and the members of the PA Class, are entitled to recover from Defendant the amount of unpaid overtime wages, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### PENNSYLVANIA WAGE PAYMENT COLLECTION LAW
#### (On Behalf of the PA Class)

68.     Plaintiffs, on behalf of themselves and the PA Class Members, reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

69.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiffs and each of the PA Class Members within the meaning of the WPCL.

70.     Pursuant to the WPCL, 43 Pa. S. § 260.1 et seq. Plaintiffs and the members of the PA Class were entitled to receive all compensation earned, due and owing to them on their regular payday.

71.     As a result of Defendants' unlawful policies, Plaintiffs and the members of the PA Class have been deprived of compensation earned, due and owing.

72.     Further, due to Defendants' policy of improperly withholding commissions earned by Plaintiffs and the PA Class, Plaintiffs and the PA Class were subject to improper deductions from their compensation.

73.    Plaintiffs, on behalf of themselves and the members of the PA Class, are entitled to

recover from Defendants the amount of unpaid compensation, and an additional amount of 25%

of the unpaid compensation as liquidated damages.

**FOURTH CLAIM FOR RELIEF**

**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**

**(On Behalf of the Nationwide Collective Class)**

74.    Plaintiffs, on behalf of themselves and the Nationwide Collective Class, reallege and

incorporate by reference the paragraphs above as if they were set forth again herein.

75.    At all relevant times, Defendant has had gross revenues in excess of $500,000.

76.    At all relevant times, Defendant has been and continues to be, an employer engaged in

interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

77.    At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs and

each of the Nationwide Collective Class Members within the meaning of the FLSA.

78.    Pursuant to Defendant's compensation policies, rather than pay employees the federally-

mandated minimum wage, Defendant improperly solely paid commissions.

79.    As a result of the Defendant's willful practices, Defendant was not entitled to pay

Plaintiff and the members of the Nationwide Collective Class less than the mandated minimum

wage for all hours worked.

80.     Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

81.     Due to Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the members of the Nationwide Collective Class, are entitled to recover from the Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. §

216(b).

## FIFTH CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS
### (On Behalf of the Nationwide Collective Class)

82.     Plaintiffs, on behalf of themselves and the Nationwide Collective Class, reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

83.     At all relevant times, Defendant has had gross revenues in excess of $500,000.

84.     At all relevant times, Defendant has been and continue to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

85.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs and each of the Nationwide Collective Class Members within the meaning of the FLSA.

86.     At relevant times in the period encompassed by this Complaint, Defendant has a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek.

87.     Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

88.     Due to Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the members of the Nationwide Collective Class, are entitled to recover from the Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SIXTH CLAIM FOR RELIEF
## PENNSYLVANIA COMMON LAW – UNJUST ENRICHMENT
### (On Behalf of the PA Class)

89.     Plaintiffs, on behalf of themselves and the PA Class Members, reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

90.     Plaintiff and the members of the PA Class were employed by Defendant within the meaning of the PA State Laws.

91.     At all relevant times, Defendant has a willful policy and practice of not paying Plaintiffs and members of the PA Class all commissions earned.

92.     During the class period covered by this Complaint, Defendant has a willful policy and practice of having employees work from home or canvass the neighborhoods in search of leads.

93.     Defendant retained the benefits of its unlawful retention of commissions earned by Plaintiffs and PA Class Members under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits.

94.     Defendant was unjustly enriched by subjecting Plaintiff and PA Class Members to such unlawful withholdings.

95.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and the members of the PA Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendant of the benefits conferred by Plaintiffs and the PA Class.

96.     Plaintiffs, on behalf of themselves and the members of the PA Class, are entitled to reimbursement, restitution and disgorgement of monies received by Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the PA Class and members of the Nationwide Collective Class respectively request:

A.      Designation of the action as a Class Action under Rule 1700 et seq. on behalf of the PA Class, and prompt issuance of notice pursuant to Rule 1712, apprising them of the pendency of this action;

B.      Designation of this action as a collective action on behalf of the Nationwide Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

C.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and PMWA;

D.      An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E.      An award of unpaid minimum wages to Plaintiffs and the members of the Classes;

F.      An award of unpaid overtime wages to Plaintiffs and the members of the Classes;

G.      Restitution of wages and commissions improperly retained by Defendant;

H.      An award of liquidated damages to Plaintiff and members of the Classes;

I.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

J.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant the PA Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated: July 8, 2019

Respectfully submitted,

J. Edward McCain III
McCainLaw, PC
1515 Market Street, Suite 1200
Philadelphia, PA 19130
Office: (215) 236-1086
jmccain@mccain-law.com

18

## VERIFICATION

I, _Victor Nwakpudq_, hereby state:

1.      I am a Plaintiff in this action;
2.      I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and
3.      I understand that the statements in said **Complaint** are subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

DATED: _7/18/2019_                    _Victor Nwakpudq_

## VERIFICATION

I, _Stephen Roseman_, hereby state:

1.    I am a Plaintiff in this action;
2.    I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and
3.    I understand that the statements in said **Complaint** are subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

DATED: _7/18/19_                    _Stephen Roseman_

**VERIFICATION**

I, _TENISE Taylor_, hereby state:

1.    I am a Plaintiff in this action;
2.    I verify that the statements made in the foregoing Complaint are true
and correct to the best of my knowledge, information and belief; and
3.    I understand that the statements in said **Complaint** are subject to the
penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

DATED: _7/18/2019_                    _Tenise Taylor_

## VERIFICATION

I, _Anton Harper JR_, hereby state:

1.     I am a Plaintiff in this action;
2.     I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and
3.     I understand that the statements in said **Complaint** are subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

DATED: _7/18/2019_


The Philadelphia Courts
# Civil Docket Access

🛒 No Items in Cart  |  **LOGOUT** | jgoldin

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 190702323 |
| **Case Caption:** | NWAKPUDA ETAL VS THE LENDING GROUP COMPANY |
| **Filing Date:** | Thursday , July 18th, 2019 |
| **Court:** | CLASS ACTION |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | CLASS ACTION |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

> EXHIBIT
> **B**
> ALL-STATE LEGAL®

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | MCCAIN III, J. EDWARD |
| **Address:** | 1515 MARKET STREET SUITE 1200 PHILADELPHIA PA 19102 (215)236-1086 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | NWAKPUDA, VICTOR MR |
| **Address:** | 653 N. 12TH STREET PHILADELPHIA PA 19123 | **Aliases:** | *none* | |
| | | | | |
| 3 | 1 | | PLAINTIFF | ROSEMIN, STEPHEN MR |
| **Address:** | 707 W. WILKINSONS | **Aliases:** | *none* | |

| | | | |
|---|---|---|---|
| | VILLAGE CT<br>JAMISON PA 18929 | | |

| 4 | 1 | PLAINTIFF | TAYLOR, TENISE MS |
|---|---|---|---|
| **Address:** | 6034 N 13TH STREET<br>PHILADELPHIA PA 19141 | **Aliases:** | *none* |

| 5 | 1 | PLAINTIFF | HARPER JR, ANTOIN MR |
|---|---|---|---|
| **Address:** | 6512 WALNUT PARK<br>DRIVE<br>PHILADELPIHA PA 19120 | **Aliases:** | *none* |

| 6 | | DEFENDANT | LENDING GROUP COMPANY |
|---|---|---|---|
| **Address:** | 1111 STREET ROAD<br>SUITE 304<br>SOUTHAMPTON PA 18966 | **Aliases:** | *none* |

| 7 | | TEAM LEADER | PADILLA, NINA W. |
|---|---|---|---|
| **Address:** | 360 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 18-JUL-2019<br>02:52 PM | ACTIVE CASE | | | 19-JUL-2019<br>01:37 PM |
| **Docket Entry:** | E-Filing Number: 1907040361 | | | |
| | | | | |
| 18-JUL-2019<br>02:52 PM | COMMENCEMENT CIVIL ACTION JURY | MCCAIN III, J. EDWARD | | 19-JUL-2019<br>01:37 PM |
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>Final Cover | | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** | |
| **Docket Entry:** | *none.* | | | |
| | | | | |

| 18-JUL-2019 02:52 PM | COMPLAINT FILED NOTICE GIVEN | MCCAIN III, J. EDWARD | | 19-JUL-2019 01:37 PM |
|---|---|---|---|---|

| **Documents:** | ✄ Click link(s) to preview/purchase the documents<br>Class Complaint-Nwakpuda et al.pdf<br>Verifications.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
|---|---|---|

| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. |
|---|---|

| 18-JUL-2019 02:52 PM | JURY TRIAL PERFECTED | MCCAIN III, J. EDWARD | | 19-JUL-2019 01:37 PM |
|---|---|---|---|---|

| **Docket Entry:** | 8 JURORS REQUESTED. |
|---|---|

| 18-JUL-2019 02:52 PM | WAITING TO LIST CASE MGMT CONF | MCCAIN III, J. EDWARD | | 19-JUL-2019 01:37 PM |
|---|---|---|---|---|

| **Docket Entry:** | *none.* |
|---|---|

| 07-AUG-2019 11:59 AM | AFFIDAVIT OF SERVICE FILED | MCCAIN III, J. EDWARD | | 07-AUG-2019 11:59 AM |
|---|---|---|---|---|

| **Documents:** | ✄ Click link(s) to preview/purchase the documents<br>Affidavit of Service-Nwakpuda.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
|---|---|---|

| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON LENDING GROUP COMPANY BY PERSONAL SERVICE ON 07/23/2019 FILED. (FILED ON BEHALF OF ANTOIN MR HARPER, TENISE MS TAYLOR, STEPHEN MR ROSEMIN AND VICTOR MR NWAKPUDA) |
|---|---|

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

E-Filing System    Search Home    Return to Results